UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U.S. OFFICE OF MANAGEMENT & BUDGET et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-01111 |

**PLAINTIFF'S REPLY RE ORDER TO SHOW CAUSE**

Plaintiff Protect Democracy Project respectfully submits this reply to the Court's Order to Show Cause (OTSC) on why this case should not be consolidated with *CREW v. OMB*, 25-cv-1051 ("*CREW*"). *See* Apr. 25 Minute Order. Yesterday, Protect Democracy filed a Motion for Expedited Summary Judgment, or in the Alternative a Preliminary Injunction or a Writ of Mandamus. ECF No. 13. Protect Democracy filed this motion just four days after CREW filed its Motion for a Preliminary Injunction and Partial Summary Judgment, seeking substantially similar relief. *CREW*, ECF No. 9. Protect Democracy respectfully submits that judicial efficiency and protection of the interests of all parties strongly weigh in favor of consolidation in the nature that Protect Democracy suggested in its initial response to the Court's Order, ECF No. 10, or at a minimum coordination of the schedules on the pending motions. Protect Democracy stands ready to proceed on any schedule the Court enters to facilitate this coordination. To that end, as described below, Protect Democracy is amenable to providing Defendants extra days

1

under the current briefing schedule to address the few issues specific to Protect Democracy's claim, while Protect Democracy would reply on the same deadline for a reply imposed in *CREW* (i.e., May 5).

Consolidating or coordinating the cases would be most efficient for the parties and the Court. *See Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). Absent consolidation, the proceedings on the pending motions would occur virtually simultaneously but on slightly different schedules that would cause unnecessary inefficiencies. Because a preliminary injunction is one form of relief that Protect Democracy has sought, the default deadline for Defendants to respond in this case would appear to be April 29, L. Civ. R. 65.1(c), a day before the response date ordered by the Court in *CREW*. At the latest, the response deadline for Defendants in this case is May 6, *id.* at 7(b), which would still precede the May 9 hearing date set by the Court in *CREW*. It would make little sense to have Protect Democracy's motion fully briefed either before or just after the hearing in *CREW*, with a separate hearing presumably following in short order in this case.

Protect Democracy stands ready to proceed on any timeline that would avoid such an outcome and that would facilitate the Court's resolution of the two pending motions together. Defendants would suffer little, if any, prejudice given the highly overlapping nature of each Plaintiff's claims. Plaintiffs in both cases argue that Defendants' refusal to publicly post apportionments as required by the 2022 and 2023 Appropriations Acts is contrary to law and seek an injunction requiring Defendants to comply with their statutory duty to continue making apportionments publicly available in the required format. The Plaintiffs have submitted similar declarations and publicly available and judicially noticeable facts in support of their claims. Both

motions thus raise straightforward and largely overlapping legal claims that do not require discovery or resolution of any factual issue. *See CREW v. OMB*, ECF No. 11, at 2.

To the extent that Defendants need additional time to respond on the few issues that are unique to Protect Democracy's motion, Protect Democracy is amenable to adjusting the schedule in a manner that benefits Defendants but need not delay the May 9 hearing date. For instance, Protect Democracy is amenable to a schedule under which Defendants have two additional days after their April 30 deadline in *CREW* (that is, until May 2) to respond to any unique issues raised in Protect Democracy's motion. If Defendants are afforded these extra days, Protect Democracy would still file its reply brief by the reply deadline in *CREW* of May 5 at 9:00 AM, and Protect Democracy would be ready to participate in the hearing set for May 9. Protect Democracy respectfully submits that the additional time for Defendants to respond to any unique issues in Protect Democracy's case should resolve Defendants concerns about having adequate time to respond to both Plaintiff's arguments. Indeed, Defendants state that they "do not oppose consolidation so long as their interests are adequately protected." ECF No. 12, at 1.

This proposal would also resolve CREW's primary objection to consolidation of proceedings on the pending motions, which is that CREW "has a strong interest in the prompt resolution of its pending motion." *CREW v. OMB*, ECF No. 11, at 1. In that respect, it is Protect Democracy's position that CREW's and Protect Democracy's interests are fully aligned. Protect Democracy likewise seeks expedited relief because it is experiencing immediate, irreparable harm.

In short, Protect Democracy is committed to proceeding in any matter that the Court deems fit to facilitate prompt resolution of the motions in the two cases on the same timeline.

For these reasons, Protect Democracy respectfully submits that consolidation or coordination is in the best interest of the parties and the Court.

Dated: April 23, 2025

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)
Kyla M. Snow*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

* Not admitted in the District of Columbia. Practiced limited to matters before U.S. courts. (admitted *pro hac vice*)

*Counsel for Plaintiff*