UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT & BUDGET et al.,<br><br>Defendants. | Case No. 1:25-cv-01111 |

**UNOPPOSED MOTION TO COORDINATE
PRELIMINARY INJUNCTION PROCEEDINGS**

Plaintiff Protect Democracy Project respectfully submits this unopposed motion to coordinate preliminary injunction proceedings in this case and *CREW v. OMB*, 25-cv-1051. As set forth below, subject to the Court's approval, Protect Democracy would withdraw its current motion for expedited summary judgment and instead file a preliminary injunction motion seeking identical relief as the pending motion in *CREW*, limited to the same Administrative Procedure Act (APA) claim that both Protect Democracy and the plaintiff in *CREW* advanced in their motions. The parties would then proceed on a briefing schedule that gives Defendants sufficient time to respond while allowing for the motion in this case to be heard alongside the motion in *CREW* on May 9, 2025. Protect Democracy respectfully submits that this amended course would promote judicial economy and protect the interests of all parties involved. As mentioned, Defendants Office of Management and Budget (OMB) and OMB Director Russell T. Vought do not oppose this request as it is detailed below.

1

The plaintiff in *CREW* also represents that it does not oppose a schedule for Protect Democracy's revised motion that would allow the motion in *Protect Democracy* to be considered on the same schedule as the one set by the Court for the pending motion in *CREW*. The plaintiff in *CREW*, however, would oppose any delay in the briefing or adjudication of its pending motion for preliminary injunction and partial summary judgment and any proposal that would require the plaintiffs in the separate actions to engage in joint briefing.

Protect Democracy respectfully requests that the Court approve the following coordinated preliminary injunction schedule in this matter:

1. No later than 24 hours after the Court grants this motion, Protect Democracy will withdraw its pending Motion for Summary Judgment, or in the Alternative a Preliminary Injunction or Writ of Mandamus, and will promptly file a new motion seeking relief that is identical to the pending motion in *CREW*; i.e., a preliminary injunction or in the alternative summary judgment. Protect Democracy's new motion would seek relief only on the same APA claim that Protect Democracy and the plaintiff in *CREW* have briefed: that Defendants' actions are contrary to law because they violate the 2022 and 2023 Appropriations Acts. Protect Democracy would not revise its existing briefing on this claim; it would merely remove its briefing on the other claims. Protect Democracy therefore would not, for purposes of the new motion, rely on its separate APA claims that Defendants' actions are unconstitutional or arbitrary and capricious or represent agency action unlawfully withheld, nor would Protect Democracy move on its nonstatutory claims or seek mandamus relief in the motion.

2. Defendants would file their response to Protect Democracy's new motion by the end of the day on May 2, two days later than their deadline for filing an opposition brief in *CREW*.

3. Protect Democracy would file its reply by May 5 at 9:00 AM, the same deadline as for the reply brief in *CREW*.

4. The Court would hold a hearing on the new motion (together with the hearing on the pending motion in *CREW*) at the time already scheduled in *CREW*, on May 9, at 1:00 PM.

5. Protect Democracy further represents that, if this proposal is adopted, Protect Democracy will not seek other forms of expedited relief in the district court until full resolution, including any appeals, of the forthcoming motion.

Protect Democracy respectfully submits that the above proposal would promote judicial economy and protect the interests of all parties. Because Protect Democracy would move only on its legal claim that matches the APA claim in *CREW*, and because Defendants would have an additional two days from their deadline in *CREW* to respond to Protect Democracy's new motion, Defendants would not be prejudiced. Nor would the plaintiff in *CREW* be prejudiced since this proposal would not affect its current briefing or hearing schedule. Because Protect Democracy's reply brief would be due the same day as CREW's reply brief, there would be no prejudice to the Court's time to prepare for the hearing. And because the proposal would significantly narrow the issues the parties in this case would need to brief and the Court would need to decide—and given Protect Democracy's assurance that it would not seek expedited relief in the district court on its remaining claims until after full resolution of its forthcoming motion—the proposal would conserve Defendants' and the Court's time and resources.

For the reasons stated above, Protect Democracy respectfully requests that the Court grant this unopposed motion to coordinate preliminary injunction proceedings.

| | |
|---|---|
| Dated: April 25, 2025 | /s/ Daniel F. Jacobson<br>Daniel F. Jacobson (D.C. Bar # 1016621)<br>Kyla M. Snow*<br>JACOBSON LAWYERS GROUP PLLC<br>1629 K Street NW, Suite 300<br>Washington DC, 20006<br>(301) 823-1148<br>dan@jacobsonlawyersgroup.com<br><br>* Not admitted in the District of Columbia. Practice limited to matters before U.S. courts. (admitted *pro hac vice*)<br><br>*Counsel for Plaintiff* |

4