**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>OFFICE OF MANAGEMENT AND )<br>BUDGET, et al., )<br>)<br>    Defendants. )<br>_____) | Case No. 1:25-cv-01111-EGS |

**DEFENDANTS' COUNTER-STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

| | |
|---|---|
| 1. The Office of Management and Budget (OMB) is a federal agency with responsibility for government-wide financial management policies for executive agencies and numerous financial management functions. *See* 31 U.S.C. §§ 503(a), 504. | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 2. Russell T. Vought is the Director of OMB. | Undisputed. |
| 3. The Antideficiency Act established the process of apportionment, which requires that budget authority provided to federal agencies in appropriations acts be allocated in installments, rather than all at once. *See* 31 U.S.C. § 1512. | Undisputed. |
| 4. The Antideficiency Act requires that funds that are appropriated for limited durations be apportioned to prevent obligation or expenditure at a rate that may require Congress to appropriate more money to the agency before the next appropriations cycle. *Id.* § 1512(a). | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 5. Even for appropriations that are indefinite durations, the Act requires | Undisputed. The Court is referred to the cited statute for a complete statement of its |

| | |
|---|---|
| apportionments to achieve the most effective and economical use of the funds. *Id.* | contents. |
| 6. The Impoundment Control Act provides that the Executive Branch must spend the funds that Congress appropriated for particular purposes, without delay, except in narrowly prescribed circumstances. 2 U.S.C. §§ 682-88. | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 7. The Antideficiency Act requires the president to apportion appropriations for federal agencies. 31 U.S.C. § 1513(b). | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 8. The Antideficiency Act requires the president to apportion an appropriation in writing and notify the head of the executive agency of the action taken to apportion an appropriation within specified timelines. *Id.* § 1513(a), (b). | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 9. The Antideficiency Act prohibits agency officials from making an obligation or expenditure exceeding an apportionment. *Id.* § 1517(a)(1). | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 10. The Antideficiency Act provides for potential administrative penalties and criminal liability for officials who violate the Act by obligating or expending amounts exceeding an apportionment. *Id.* §§ 1518-19. | Undisputed. The Court is referred to the cited statute for a complete statement of its contents. |
| 11. The President has long-delegated the apportionment authority to the OMB Director. *See* 90 Fed. Reg. 9737 (Feb. 18, 2025). | Undisputed. The Court is referred to the cited regulation for a complete statement of its contents. |
| 12. OMB Circular No. A-11 states that an individual apportionment is "an OMB-approved plan" that sets the rate of agency expenditure. Ex. 4 (OMB Circular No. A-11 § 120.1 (2024)). | Undisputed. The Court is referred to the Circular for a complete statement of its contents. |
| 13. An individual apportionment is "an OMB-approved plan" that sets the rate of agency expenditure. Ex. 4 § 120.1. | Undisputed to the extent that an apportionment is an OMB-approved plan per OMB Circular § 120.1. The Court is referred to the Circular for a complete statement of its contents. |

| | |
|---|---|
| 14. OMB Circular No. A-11 states that "an apportionment is legally binding." *Id.* | Undisputed. |
| 15. An apportionment is legally binding. *Id.* | Undisputed that the OMB Circular No. 11 includes a statement that "an apportionment is legally binding." Apportionments involve exercising significant discretion and judgment regarding the budgetary resources a program requires, including when those resources will be needed and for what purpose. Apportionments, being an exercise of delegated authority from the President, are legally binding upon the Executive Branch officials. The apportionment, however, does not bind OMB, which remains free to change it whenever it so chooses, as Circular A-11 also makes clear. Circular A-11, an Executive Branch guidance document, merely confirms that agencies must follow instructions from the President, acting through OMB. Kinneen Decl. ¶ 6. |
| 16. OMB Circular No. A-11 states that "apportioned amounts are legal limits that restrict how much an agency can obligate, when it can obligate, and what projects, programs, and activities it can obligate for." *Id.* § 120.10. | Undisputed. |
| 17. Apportioned amounts are legal limits that restrict how much an agency can obligate, when it can obligate, and what projects, programs, and activities it can obligate for. *Id.* § 120.10. | Undisputed. |
| 18. OMB Circular No. A-11 states that footnotes in apportionments for apportioned amounts (also known as "A" footnotes, which appear in the application of budgetary resources section) "have legal effect" *Id.* § 120.34. | Undisputed. |
| 19. Footnotes in apportionments for apportioned amounts (also known as "A" footnotes, which appear in the application of budgetary resources section) have legal effect *Id.* § 120.34. | Undisputed. |

| | |
|---|---|
| 20. OMB Circular No. A-11 states that "[w]hen OMB approves an apportionment through the apportionment system, [agencies] will receive an e-mail with the approved Excel file . . and the subject line will include the words 'Approved Apportionment.'" *Id.* § 120.37. | Undisputed. |
| 21. When OMB approves an apportionment through the apportionment system, agencies will receive an e-mail with the approved Excel file and the subject line will include the words "Approved Apportionment." *Id.* | Undisputed. |
| 22. In March 2022, Congress enacted new legislation requiring OMB to make apportionments public. Pub. L. No. 117-103, div. E, tit. II, § 204(b)-(c), 136 Stat. 49, 256-57 (2022) (codified at 31 U.S.C. § 1513 note) (hereinafter "2022 Appropriations Act"). | Undisputed. |
| 23. The 2022 Appropriations Act provides that OMB "shall complete implementation of an automated system to post each document apportioning an appropriation, . . . including any associated footnotes, in a format that qualifies each such document as an Open Government Data Asset (as defined in section 3504 of title 44, United States Code), not later than 2 business days after the date of approval of such apportionment." *Id.* | Undisputed. |
| 24. The 2022 Appropriations Act further provides that "[e]ach document apportioning an appropriation . . . that is posted on a publicly accessible website . . . shall also include a written explanation by the official approving each such apportionment stating the rationale for any footnotes for apportioned amounts: Provided, That the Office of Management and Budget or the applicable department or agency shall make available classified documentation referenced in any apportionment at the request of the chair or ranking member of any appropriate | Undisputed. |

4

| | |
|---|---|
| congressional committee or subcommittee." *Id.* | |
| 25. The "Open Government Data Asset" format required by § 204(b) is defined as "a public data asset that is—(A) machine-readable; (B) available (or could be made available) in an open format; (C) not encumbered by restrictions, other than intellectual property rights, including under titles 17 and 35, that would impede the use or reuse of such asset; and (D) based on an underlying open standard that is maintained by a standards organization." 44 U.S.C. § 3502(20). | Undisputed. |
| 26. In a division-by-division summary of the 2022 Appropriations Act, Representative Rosa DeLauro (then-Chairwoman of the House Appropriations Committee) described the legislation as among other "Important Policy Changes" that would "[s]trengthen[] our democracy" by "mak[ing] apportionments of appropriations publicly available in a timely manner." Ex. 7, Chair Rosa DeLauro, H.R. 2471, *Funding for the People: Division-by-Division Summary of Appropriations Provisions* 18. | Undisputed. The Court is referred to the statement for a complete statement of its contents. |
| 27. In December 2022, Congress made the requirements of the 2022 Appropriations Act permanent, in the Consolidated Appropriations Act of 2023, which provides that,"[i]n fiscal year 2023 and each fiscal year thereafter," OMB "shall operate and maintain the automated system required to be implemented by section 204 of the [2022 Appropriations Act]." Pub. L. No. 117-328, div. E, tit. II., § 204, 136 Stat. 4459, 4667 (2022) (codified at 31 U.S.C. § 1513 note) (hereinafter "2023 Appropriations Act"). | Undisputed. |
| 28. In the 2023 Appropriations Act, Congress further directed that OMB "shall continue to post each document apportioning an appropriation" (including "any associated | Undisputed. |

5

| | |
|---|---|
| footnotes") in the format and subject to the requirements specified in the 2022 Appropriations Act. *Id.* | |
| 29. In July 2022, OMB began making apportionments public at https://apportionment-public.max.gov. | Undisputed. |
| 30. Plaintiff Protect Democracy is a nonpartisan, nonprofit organization whose mission is to prevent American democracy from declining into a more authoritarian form of government. Ex. 1, Declaration of William Ford ("Ford Decl.") ¶ 2. | Undisputed that the cited paragraph includes this statement. |
| 31. After OMB created its public apportionment website, Protect Democracy organized and led a virtual training for congressional staff in October 2022 on how to read apportionments, navigate and use OMB's website, and find the apportionments associated with a particular appropriation or Treasury account." *Id.* ¶ 5; *see* Protect Democracy, *Experts Explain How to Read Apportionments and Navigate OMB's New Apportionment Website*, YouTube (Oct. 17, 2022), https://tinyurl.com/yd6urbxe. | This assertion contains plaintiff's characterization of the cited paragraph. The Court is referred to the Ford declaration for a full and accurate statement of its contents. |
| 32. Protect Democracy made a recording of the training and other resources for Congress publicly available online. *See id.* ¶ 6; Ex. 9, *Using OMB's Apportionment Website: Resources for Congress*, Protect Democracy (Nov. 3, 2022). | Undisputed. |
| 33. In October 2024, Protect Democracy launched OpenOMB.org. Ford Decl. ¶ 8. | Undisputed that the cited paragraph contains this statement. Because the link included in the declaration is not functional, Defendants have been unable to confirm the veracity of this statement. |
| 34. When OMB is posting its apportionments, each day, OpenOMB.org pulls the primary source data from OMB's site and stores the files in a database in a manner that allows them to be searched, filtered, and indexed. *Id.* ¶ 10. | This assertion contains plaintiff's characterization of the cited paragraph. The Court is referred to the Ford declaration for a full and accurate statement of its contents. |

6

| | |
|---|---|
| 35. Congressional appropriators have stated in press releases that they monitor OpenOMB to identify apportionment abuses. *Id.* ¶ 11. | Undisputed that the cited paragraph contains this statement. Because the link included in the declaration is not functional, Defendants have been unable to confirm the veracity of this statement. |
| 36. Journalists have used OpenOMB as a source in their news reporting. *Id.* | Undisputed that the cited paragraph contains this statement. Because the link included in the declaration is not functional, Defendants have been unable to confirm the veracity of this statement. |
| 37. Libraries have shared OpenOMB as a resource to help the communities they serve understand developments in government. *Id.* | Undisputed that the cited paragraph contains this statement. Because the link included in the declaration is not functional, Defendants have been unable to confirm the veracity of this statement. |
| 38. OMB stopped making apportionments public on March 24, 2025, when the website began showing a "Page not found" error. *Id.* ¶ 13. | Undisputed. |
| 39. From March 24, 2025 to March 28, 2025, OMB provided no official explanation why the apportionments website was not functioning. | Undisputed. |
| 40. On March 29, 2025, OMB Director Vought sent a letter to the House and Senate Appropriations Committee's Ranking Member and Vice Chair, Representative Rosa DeLauro and Senator Patty Murray, stating that OMB "will no longer operate and maintain" the website mandated by law. Ex. 16, Letter from Russell T. Vought to The Hon. Patty Murray (March 29, 2025). | Undisputed. The Court is referred to Director Vought's letter for a full statement of its content. |
| 41. Vought's letter claimed that complying with the law "requires the disclosure of sensitive, predecisional, and deliberative information," and that disclosing the required information "may pose a danger to national security and foreign policy." *Id.* | Undisputed. The Court is referred to Director Vought's letter for a full statement of its content. |
| 42. Vought's letter did not point to any specific examples where OMB's compliance | Undisputed. |

| | |
|---|---|
| with the law has required disclosure of privileged information or would pose a danger to national security or foreign policy. *Id.* | |
| 43. After OMB took its website down, Protect Democracy posted the following header on OpenOMB: "The OMB website that provides the underlying data used by OpenOMB is offline. There will be no new apportionments posted on OpenOMB until that site is back online." OpenOMB.org, https://openomb.org (last visited Apr. 20, 2025); *see also* Ford Decl. 14. | Undisputed that the OpenOMB website contains the referenced header as of the date of this filing. |
| 44. OMB has previously released apportionments in response to FOIA requests or during FOIA litigation without asserting the deliberative process privilege as a basis for withholding the apportionments. *Ctr. for Public Integrity v. Dep't of Def.*, No. 1:19-cv-03265-CKK, ECF No. 23-2 (D.D.C. Feb. 14, 2020). | Defendants are not required to respond to this statement because the alleged facts are not material to the resolution of the instant motion. The assertion of the deliberative process privilege is discretionary. |

Dated: May 2, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar #1025003)
CARMEN M. BANERJEE
(D.C. Bar #497678)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*