IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT )<br>)<br>  Plaintiff, )<br>)<br> v. )<br>)<br>OFFICE OF MANAGEMENT AND )<br>BUDGET, et al., )<br>)<br>  Defendants. )<br>               ) | Case No. 1:25-cv-01111-EGS |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

### INTRODUCTION

Protect Democracy is not entitled to injunctive relief or summary judgment.[1] Protect Democracy has not identified a sufficiently particularized injury in accordance with Article III's standing requirements. Moreover, Protect Democracy is not entitled to enforce unconstitutional statutory provisions that require the Executive's disclosure of predecisional, deliberative apportionment documents. However, to the extent that the Court agrees with Protect Democracy, the Court should enter a final judgment that resolves all claims and affords Defendants an opportunity to immediately appeal. Defendants maintain that the statutory provisions at issue require the disclosure of privileged information. Accordingly, any final order should provide Defendants a reasonable opportunity to seek appellate resolution of the issues in this case, including a stay of any requirement that Defendants resume disclosure of apportionment documents pursuant to the 2022 and 2023 Continuing Appropriation Acts.

---

[1] Defendants re-incorporate the arguments asserted in opposition to Protect Democracy's motion. *See* ECF Nos. 19, 21.

1

## ARGUMENT

**I.      Protect Democracy Is Not Entitled To Any Relief In This Case.**

Protect Democracy asks this Court to vacate and set aside Defendants' decision to remove the apportionment database. *See* ECF No. 28 at 1–2. Protect Democracy requests that the Court order Defendants to restore the apportionment database and permanently require Defendants to continue operating the database pursuant to the 2022 and 2023 Acts. *Id*. at 2. But, as an initial matter, Protect Democracy bears the burden of establishing that it has standing to sue. *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 378 (2024). Protect Democracy has failed to establish a concrete and particularized injury stemming from OMB's non-disclosure of apportionment documents. *See* ECF No. 19 at 9–15. Article III does not permit Protect Democracy's claim based on generalized harms that are common to all members of the public and absent a particularized injury stemming from the denial of specific, requested information. Nor has Protect Democracy suffered the type of harm Congress sought to prevent by requiring disclosure of apportionment documents. Disclosure was aimed at providing insights into government spending and enabling Congress to oversee the Executive Branch's apportionment of appropriated funds, not to support a private organization's investment in a website it created to serve as a self-appointed middleman between OMB and the public. Because Protect Democracy lacks Article III standing, it is not entitled to any relief in this case.

In addition, Protect Democracy is not entitled to declaratory or injunctive relief because the apportionment documents are predecisional and deliberative. *Id*. at 15–21. Disclosure of apportionment documents not only forces the Executive to divulge its un-settled policy considerations, but also reveals its deliberations with subordinate agency officials to effectuate

desired agenda outcomes. *Id*. at 19–21. The Constitution prohibits such Congressional intrusion into the Executive's policy responsibilities. *Id*. at 16 (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 750 (1982)); *see also Bowsher v. Synar*, 478 U.S. 714, 722 (1986) ("The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it enacts.")). Protect Democracy is not entitled to enforce a statute that unconstitutionally calls for the mandatory and automatic disclosure of privileged information.

## II. Protect Democracy Cannot Satisfy The Permanent Injunction Standard.

Plaintiffs seeking a mandatory injunction "face a significantly heightened burden" of showing an entitlement to relief. *Feng Wang v. Pompeo*, 354 F. Supp. 3d 13, 20 (D.D.C. 2018). To obtain a permanent injunction, the plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto et al. v. Green Seed Farms et al.,* 561 U.S. 139, 157–58 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388 (2006)). "[T]he balance of equities and consideration of the public interest—are pertinent in assessing the propriety of any injunctive relief, preliminary or permanent." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Protect Democracy cannot satisfy this standard.

Protect Democracy's generalized claims regarding the public's interest in Defendants' restoration of the apportionment database do not support a finding of harm to Protect Democracy and cannot form the basis for irreparable harm. *See* ECF No. 19 at 22–24. Moreover, Protect Democracy has not demonstrated that access to apportionment documents—which Defendants maintain are privileged—is indispensable to its core mission and that impaired access prevents it

from fulfilling its organizational goals. *Id*. at 23–24. Protect Democracy failure to identify irreparable injury that is distinct from the alleged generalized harm to the public is dispositive. Moreover, Protect Democracy concedes that its injuries are economic in nature. ECF No. 20 at 17. It alleges that its OpenOMB website is currently not functional and that Protect Democracy as a business is accruing losses. These economic injuries are not irreparable. As a result, Protect Democracy is not entitled to injunctive relief.

The third and fourth factors of the analysis—harm to others and the public interest— "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). This balance squarely tips in Defendants' favor because any injunctive relief in this case would require unconstitutional infringement upon Executive power. *See NAACP v. U.S. Department of Educ.*, No. 25-CV-1120 (DLF), 2025 WL 1196212, at *7 (D.D.C. Apr. 24, 2025) ("[E]nforcement of an unconstitutional law is always contrary to the public interest." (citation omitted)). An order requiring Defendants to resume disclosure of predecisional and deliberative information would significantly and improperly impede Executive power by interfering with the President's constitutional authority over the implementation of appropriations and his discretion in executing the laws. The equities tip in Defendants' favor and a permanent injunction is, therefore, inappropriate.

### III. To The Extent The Court Grants Protect Democracy's Motion, Any Relief Should Afford Defendants The Right To Immediate Appeal.

Protect Democracy's submission crystallizes its request for relief for the first time. Protect Democracy seeks an order declaring OMB's decision to discontinue the apportionment database unlawful and requiring OMB to (1) retroactively publish all apportionment documents pursuant to the 2022 and 2023 Acts, and (2) permanently resume public disclosure of

apportionment documents.  ECF No. 28 at 3.  Protect Democracy contends that an order to this effect would resolve *all* claims in this case, including the claims not part of its motion.  *Id.* at 8.

Resolution of Protect Democracy's request turns on whether Defendants' decision to discontinue the apportionment database should be set aside under the APA.  Defendants argue that the 2022 and 2023 Acts unconstitutionally infringe upon Executive power, and that Protect Democracy is not entitled to enforce those unconstitutional statutory provisions.  Protect Democracy's motion should, therefore, be denied.  To the extent the Court is inclined to grant Protect Democracy's requested relief, however, vacatur of Defendants' actions is not available under the APA.  *See United States v. Texas*, 599 U.S. 670, 692-93 (2023) (Gorsuch, J. concurring).  The only avenue available under the APA would be an order setting aside Defendants' decision (which the Court should not do).  Because Protect Democracy has conceded that such an order would resolve all its claims, any order entered by the Court should prudentially moot the remaining claims not part of Protect Democracy's motion.  *See* ECF No. 28 at 7–8.  In addition, such an order should be final and immediately appealable.

If the Court is inclined to rule in Protect Democracy's favor, despite Defendants' arguments that such a ruling would impair Executive power and cause significant harm to the public, a final order should be accompanied by a stay.  In considering a stay pending appeal, the Court must examine "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken*, 556 U.S. at 426.  Each of the factors strongly counsels in favor of a prompt stay in this case.

As discussed in the briefing and emphasized above, Defendants have made a strong showing that they are likely to succeed on the arguments that Protect Democracy lacks standing and that the 2022 and 2023 Act are unconstitutional because they require the disclosure of privileged apportionment documents. Absent a stay, Defendants face significant harm: Defendants would be forced to disclose deliberative information pursuant to unconstitutional statutory provisions that constitute Congressional intrusion into Executive functions. The harm from an adverse ruling would be exacerbated pending any appeal to the D.C. Circuit and the Supreme Court, particularly if the appellate court agrees with Defendants that the 2022 and 2023 Acts are unconstitutional. Accordingly, any final order in Protect Democracy's favor should ensure that Defendants are not required to divulge privileged information pending appellate resolution of an important constitutional issue. At a minimum, any relief in Protect Democracy's favor should be stayed for a period of fourteen days to allow the Solicitor General to determine whether to appeal and seek a stay pending appeal.

## CONCLUSION

For all the reasons stated above and in Defendants' substantive briefing, the Court should deny Protect Democracy's motion for a permanent injunction. If the Court disagrees, it should ensure that any ruling is a final and appealable order, and that such order is stayed pending an opportunity to seek appeal.

Dated: June 16, 2025

                                      Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Assistant Attorney General
                                      Civil Division

                                      ELIZABETH J. SHAPIRO
                                      Deputy Branch Director

/s/ Heidy L. Gonzalez
HEIDY L. GONZALEZ
(FL Bar #1025003)
CARMEN M. BANERJEE
(D.C. Bar #497678)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*