UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT & BUDGET, et al.,<br><br>Defendants. | Case No. 1:25-cv-01111 |

**PROTECT DEMOCRACY'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF**

The Court's order seeking supplemental briefing requested the parties' position on Protect Democracy's entitlement to the particular relief sought and how the Court may enter a final, appealable judgment in resolving the pending motion for partial summary judgment. *See* June 1, 2025 Minute Order. Defendants' response brief largely sidesteps the Court's questions and instead rehashes Defendants' prior arguments on jurisdiction and the merits. *See* Defs.' Supp. Resp., ECF No. 29. Rather than repeat its standing and merits arguments, Protect Democracy rests on its prior briefing and oral arguments as to why it has standing, *see* Pl.'s PI and Partial SJ Reply ("PI Reply") 3–9, ECF No. 20, and why it wins on the merits, *see* Pl.'s PI and Partial SJ Br. ("PI Br.") 13–18, ECF No. 18-1; PI Reply 9-16.

As to the issues for which the Court requested briefing, Defendants agree with Protect Democracy that a proper course would be for the Court to dismiss the remaining counts on prudential mootness grants and then enter a final, appealable judgment.

1

Finally, Defendants include in their response a premature and procedurally improper request for a stay pending appeal. However, in response to Defendants' fallback request for a 14-day stay, Protect Democracy would not oppose a brief administrative stay to allow the parties to brief and the Court to decide a properly filed motion for a stay pending appeal, after the Court rules on the pending motions on the merits.

## I.  Protect Democracy is Entitled to the Relief Sought

As Protect Democracy illustrates in its Supplemental Brief, the Court should enter either a partial or full judgment that (1) vacates and sets aside Defendants' decisions to remove the Office of Management and Budget (OMB) Public Apportionments Database and to cease posting the information required to be disclosed by the 2022 and 2023 Consolidated Appropriations Acts[1]; (2) permanently enjoins Defendants from taking similar actions in the future; and (3) declares these actions unlawful. Pl.'s Supp. Br., ECF No. 28; Proposed Order, ECF No. 28-1. Defendants fail to rebut Protect Democracy's showing that it is entitled to each form of relief.

*Vacate and Set Aside.* Defendants concede that an order "setting aside Defendants' decision" "to discontinue the apportionment database" is an "available" remedy under the Administrative Procedure Act (APA). Defs.' Br. at 4. They contend, however, that such an order should not result in vacatur of Defendants' decision. Controlling precedent holds the contrary: "[T]o 'set aside' a rule is to vacate it." *Bridgeport Hosp. v. Becerra*, 108 F.4th 882, 890 (D.C. Cir. 2024) (quoting *Corner Post, Inc. v. Board of Governors*, 144 S. Ct. 2440, 2463 (2024) (Kavanaugh, J., concurring)). Indeed, Defendants do not explain what it would mean for the Court to "set aside" their unlawful actions without vacating them.

---

[1] Pub. L. No. 117-103, div. E, tit. II, § 204(b)-(c), 136 Stat. 49, 256-57 (2022) (codified at 31 U.S.C. § 1513 note) (2022 Appropriations Act); Pub. L. No. 117-328, div. E, tit. II, § 204, 136 Stat. 4459, 4667 (2022) (codified at 31 U.S.C. § 1513 note) (2023 Appropriations Act).

*Permanent injunction.* Protect Democracy satisfies each of the factors for obtaining a permanent injunction, which are "essentially the same" as for a preliminary injunction, except Protect Democracy must show actual rather than likely success on the merits to obtain, and need only show irreparable harm if relief were never entered. *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987). Defendants' repetition of the arguments raised in its prior briefing does not undercut Protect Democracy's strong showing that it is entitled to such relief. *See generally* PI Br.; PI Reply.

In fact, the public interest in permanent injunctive relief has only grown since the parties' initial briefing. For instance, just this week, the Government Accountability Office (GAO) released an opinion concluding that the Institute of Museum and Library Services violated the Impoundment Control Act of 1974 in part by requesting and receiving reduced apportionments, and thereby "withholding funds from obligation and expenditure." GAO, B-337375 (June 16, 2025).[2] And recent court documents show that OMB has not apportioned the full amounts congressionally appropriated to the National Endowment for Democracy, as it is required to do under relevant statutes and has done historically. *See Nat'l Endowment for Democracy v. United States*, No. 1:25-cv-648, ECF No. 33, (D.D.C.). Meanwhile, media outlets report that Immigration and Customs Enforcement (ICE) is on track to spend $1 billion over its budget, a problem the apportionment process was created to prevent, and which raises the possibility that the President will invoke questionable authority to transfer funds from other agencies to fill ICE's budget holes. *See, e.g.*, Brittany Gibson, *ICE's Cash Crisis Deepens Amid Immigration Crackdown*, Axios (June 16, 2025).[3] The State Department and USAID have also failed to take any steps to comply with a preliminary injunction to spend their appropriations, *AIDS Vaccine*

---

[2] Available at https://www.gao.gov/products/b-337375#_ftn10.
[3] Available at https://www.axios.com/2025/06/16/ice-cash-crisis-immigration-crackdown-trump.

*Advocacy Coal. v. Dep't of State*, No. 25-cv-400, ECF No. 104 (D.D.C.), and it is unknown whether a lack of apportionments is a cause of that inaction.

These recent events only heighten the public's interest in injunctive relief. "[P]ublic awareness of the government's actions is 'a structural necessity in a real democracy.'" *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 40 (D.D.C. 2006) (quoting *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157 (2004)). Even more so at this moment in time. Indeed, in a recent letter to the House of Representatives, GAO has reiterated its critical need for the apportionment records that OMB is required "by law" to make "available in a public website" in order to effectively assist Congress with its oversight of federal spending. GAO, B-337581 (June 17, 2025) ("Restoring this website and providing timely access to the apportionment information [GAO] request[s] would enhance that oversight and our efficiency in supporting Congress.").[4] GAO needed the apportionment data to confirm that the rescissions package currently under consideration in Congress includes all funding being withheld at the relevant agencies. *Id.* The refusal of three of the seven agencies to respond to GAO's inquiry about whether additional funds are being withheld, potentially unlawfully, means Congress will act on the rescissions package without this information. *Id.*

*Declaratory Judgment.* Defendants do not present any argument that a declaratory judgment would be improper if the Court rules in Protect Democracy's favor. They have therefore waived any such argument.

## II. Defendants Concede that the Court may Enter a Final, Appealable Order under the Doctrine of Prudential Mootness.

In its prior filing, Protect Democracy explained that the Court may enter a final appealable order by (1) dismissing as prudentially moot the claims not at issue in Protect

---

[4] Available at https://www.gao.gov/products/b-337581.

Democracy's currently pending motion; or (2) entering a permanent injunction that would make the entire order appealable under 28 U.S.C. § 1292(a)(1). Pl.'s Supp. Br. 7-8. Defendants concede that the Court may enter a final and immediately appealable order by dismissing the remaining claims based on prudential mootness. Defs.' Supp. Resp. 5.

### III. Defendants' Cursory Stay Request is Premature and Procedurally Improper, but Protect Democracy Would Not Oppose a Brief Administrative Stay

In the final two paragraphs of Defendants' response brief, Defendants for the first time request that the Court grant a stay pending appeal if it rules in Protect Democracy's favor. *See* Defs.' Supp. Resp. 5–6. Defendants' request for a stay pending appeal is premature and procedurally improper. Federal Rule of Appellate Procedure 8 requires a litigate to file a "motion" in the district court for a stay pending appeal, and that motion must be to stay "the order or judgment" that the district court entered, meaning the movant must wait until after the order or judgment has been issued. Courts in this District have recently rejected similar premature stay requests without prejudice to the government filing a procedurally proper stay motion after entry of the relevant order. *See Climate United Fund v. Citibank, N.A.*, No. 25-CV-698 (TSC), 2025 WL 1118430, at *1 n.1 (D.D.C. Apr. 15, 2025) ("EPA Defendants filed their motion prematurely, filing a 'contingent' motion before the court ruled on the pending motions for preliminary injunction . . . If after reviewing the court's Order and forthcoming Memorandum Opinion, EPA Defendants believe that a stay pending appeal is warranted, they may make a request consistent with Federal Rule of Appellate Procedure 8.").

However, with respect to Defendants' request that the Court enter a 14-day stay, *see* Defs.' Resp. 6, Protect Democracy would not oppose a brief administrative stay, should the Court rule for Plaintiffs, which would allow the parties to orderly brief, and the Court to resolve, a procedurally proper motion for a stay pending appeal.

## **CONCLUSION**

For the foregoing reasons, and as provided in Protect Democracy's Supplemental Brief, the Court should enter the relief requested in Protect Democracy's Proposed Order accompanying its supplemental brief. *See* Proposed Order, ECF No. 28-1.

Dated: June 18, 2025

/s/ Daniel F. Jacobson
Daniel F. Jacobson (D.C. Bar # 1016621)
Kyla M. Snow*
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

* Not admitted in the District of Columbia. Practice limited to matters before U.S. courts (admitted *pro hac vice*).

*Counsel for Plaintiff Protect Democracy*