# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-01111-EGS |
| | ) |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANTS' MOTION FOR A STAY PENDING APPEAL</u>**

## INTRODUCTION

The Court's July 21, 2025, Order vacates and sets aside Defendants' removal of "the Public Apportionments Database and public access to apportionment information," permanently enjoins Defendants from "removing the Public Apportionments Database or otherwise ceasing to post apportionment information on a publicly available website," and requires Defendants' restoration of the apportionment database. ECF No. 33 at 2. In reaching this conclusion, the Court rejected Defendants' argument that the publication requirement unconstitutionally impairs Executive power by requiring the disclosure of pre-decisional and deliberative information. ECF No. 34 at 37–47. Accordingly, absent a stay, Defendants will be forced to disclose privileged information while pursuing its appeal, causing irreparable harm to Executive Branch interests. Because each of the stay factors weigh in favor of allowing the Court of Appeals to assess this central constitutional issue before disclosure occurs, the court should grant the government's motion to stay the July 21, 2025 Order pending appeal.

## ARGUMENT

In considering a stay pending appeal, the Court must examine "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). Each of the factors strongly counsels in favor of a prompt stay.

1. **Irreparable Harm**. As has been extensively briefed in this case, Plaintiff's generalized claims regarding the public's interest in Defendants' restoration of the apportionment database do not support a finding of harm to Plaintiff and cannot form the basis for injunctive relief. *See* ECF Nos. 19, 21. Moreover, re-instatement of the apportionment database requires Defendants' automatic disclosure of predecisional and deliberative information within two days—an expedited timeframe that does not afford Defendants a meaningful opportunity to review and redact privileged information. *See id*. This requirement significantly

impedes the President's constitutional authority over the implementation of appropriations and his discretion in executing the laws.  The Executive Branch will be irreparably harmed during the pendency of an appeal because the Order gives effect to an unconstitutional statutory provision that requires disclosure of privileged information.  *See, e.g.*, *Nat'l Treasury Employees Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *2 (D.C. Cir. May 16, 2025) (granting stay pending appeal where the district court's injunction impeded Executive power). Although Plaintiff claims that the apportionment information is necessary to its core oversight mission, Plaintiff will be able to review and report on the apportionment documents if it prevails on appeal.  In contrast, if the Appellate Court agrees with Defendants' arguments, the improper disclosure of information cannot be reversed.  *See Chao v. Cmty. Tr. Co.*, 474 F.3d 75, 87 (3d Cir. 2007), *as amended* (Mar. 7, 2007) (noting that "disclosure is a bell that cannot be unrung").  A stay is, therefore, necessary to ensure that Defendants are not required to divulge privileged information pending appellate resolution of an important constitutional issue.

    2. **Likelihood of Success on the Merits**.  Defendants also have a strong likelihood of success on appeal.  Plaintiff failed to establish a concrete and particularized injury stemming from OMB's non-disclosure of apportionment documents.  Specifically, Plaintiff's generalized grievances common to all members of the public do not pass muster under Article III.  And Plaintiff has not suffered the type of harm Congress sought to prevent by requiring disclosure of apportionment documents.  Moreover, the apportionment documents are predecisional and deliberative because they reflect OMB's initial distribution of appropriated funds based on the Executive's discrete assessment of priorities and goals.  OMB continually reviews and adjusts its apportionments based on changing circumstances and priorities.  Disclosure of apportionment documents not only forces the Executive to disclose its un-settled policy considerations, but also reveals the deliberations between the Executive Office of the President and agency officials regarding the implementation and execution of the law.  While Congress and the public may be entitled to information regarding how agency funds are ultimately obligated for expenditure, they are not entitled to predecisional and deliberative information that infringes upon the Executive's

ability to apportion funds as he "considers appropriate." 31 U.S.C. § 1512(b)(2); *see also Bowsher v. Synar*, 478 U.S. 714, 722 (1986) ("The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it enacts.").

3. **Balance of the Equities**. The equitable factors likewise weigh in Defendants' favor, and the public interest and balance of equities factors merge where, as here, an injunction is sought against the government. *Nken*, 556 U.S. at 435. This balance squarely tips in Defendants' favor because any injunctive relief in this case would require unconstitutional infringement upon the President's Article II duties and authorities. *See NAACP v. U.S. Department of Educ.*, No. 25-CV-1120 (DLF), 2025 WL 1196212, at *7 (D.D.C. Apr. 24, 2025) ("[E]nforcement of an unconstitutional law is always contrary to the public interest." (citation omitted)). An order requiring Defendants to re-instate the apportionment database and disclose predecisional and deliberative information would significantly and improperly impede the President's constitutional authority over the implementation of appropriations and his discretion in executing the laws.

## CONCLUSION

For the foregoing reasons, the Court should enter a stay pending appeal. At a minimum, the Court should stay the requirement that OMB automatically publish apportionment documents and accompanying footnotes within two days of their approval to afford OMB a reasonable opportunity to review and redact any privileged information from those documents.

Moreover, because the government would be irreparably harmed by the disclosure of predecisional and deliberative apportionment documents, Defendants will concurrently seek an administrative stay from the Appellate Court. To the extent this Court is inclined to deny the instant Motion, it should extend the current administrative stay by at least one week to afford Defendants the opportunity to seek a stay in the Appellate Court and to give the Appellate Court an opportunity to evaluate that request.

Dated: July 22, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar #1025003)
CARMEN M. BANERJEE
(D.C. Bar #497678)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*