UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT & BUDGET, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01111 |

## PLAINTIFF PROTECT DEMOCRACY'S MOTION FOR RELIEF FROM THE DISTRICT COURT'S OCTOBER 1 STANDING ORDER

As this Court is aware, upon the federal lapse in appropriations on October 1, 2025, Chief Judge Boasberg entered a standing order that, subject to certain exceptions, extends deadlines and stays matters in civil cases involving the federal government. *In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations*, Standing Order No. 25-55 (Oct. 1, 2025) (Boasberg, C.J.). It is unclear whether the Standing Order stays the deadline for Defendants in this action to respond to Plaintiff Protect Democracy Project's motion to enforce this Court's injunction, *see* Mot. to Enforce, ECF No. 41; *see* LCvR. 7(a). To the extent it did, for the reasons stated below, Protect Democracy respectfully moves to lift the stay.

On October 1, Protect Democracy reached out to Defendants to inquire as to their understanding whether the Standing Order applies to Defendants' response to the motion to enforce, but Defendants have not responded. Defendants did not file a response to the motion to enforce by the original deadline of October 3, 2025. Protect Democracy also sought Defendants'

1

position on the instant motion but has not received a response. As required by Chief Judge Boasberg's Standing Order, Protect Democracy has copied USADC.ServiceCivil@usdoj.gov on all of these communications and will send a copy of this motion to that email address.

## ARGUMENT

On July 21, this Court enjoined Defendants to comply with their legal duty to "make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts," Order 5, ECF No. 33—that is, "each document apportioning an apportionment … , including any associated footnotes"[1]—and from "failing to comply with the 2022 and 2023 Acts in any other way in the future," Op. at 55, ECF No. 34. As explained in Protect Democracy's motion to enforce the injunction, Defendants are not complying with the Acts because they are withholding spend plans that OMB has made part of the apportionments by incorporating them into binding footnotes. *See* Mot. to Enforce.

Protect Democracy filed its motion to enforce on September 19, 2025. On October 1, 2025, in light of the lapse in appropriations, Chief Judge Boasberg entered a Standing Order staying litigation in civil matters involving the United States, but exempting from the stay "the United States' deadlines to respond to motions for temporary restraining orders or preliminary injunctions." Standing Order 2. The Standing Order does not specifically address whether the stay applies to motions to *enforce* an injunction.

To the same degree that the Standing Order exempts the government's deadline to respond to motions for a temporary restraining order or a preliminary injunction, it should exempt the government's response to Protect Democracy's motion to enforce. Indeed, there is an

---

[1] *See* Pub. L. 117-103, div. E, tit. II, § 204(b)-(c), 136 Stat. 49, 256-57 (2022) (codified at 31 U.S.C. § 1513 note) ("2022 Act"); Pub. L. 117-328, div. E, tit. II., § 204, 136 Stat. 4459, 4667 (2022) (codified at 31 U.S.C. § 1513 note) ("2023 Act").

2

even more compelling need to allow proceedings to go forward here, because this Court has *already* found irreparable harm to Protect Democracy that justified the Court's permanent injunction. Op. at 52–55. In particular, the Court found that without access to apportionment documents Protect Democracy was "deprived … of information to which [it is] statutorily entitled, and which [it] rel[ies] on to monitor government funding, respond to possible legal violations, and provide transparency to the public." *Id.* at 54. Judge Henderson reiterated these harms when the D.C. Circuit denied Defendants' motion for a stay pending appeal: If the injunction did not take immediate effect, she emphasized, Protect Democracy would "be deprived of information that the Founding generation—from Franklin to Jefferson to Madison to Mason—all thought vital to our Republic," and would suffer "pecuniary harm to its business" on top of that. *Protect Democracy v. OMB*, No. 25-5267, Doc. 2129438, at 24 ("D.C. Circuit Stay Order"). And remedying Plaintiff's harm can only come through "*timely* access to [the] apportionment information" the Acts require to be disclosed. Op. at 56 (emphasis added).

    Timely access is also in the public's interest. The statutes themselves require that apportionments be posted within two business days of their issuance. *See* 136 Stat. 257; 136 Stat. 4667. This timing allows "the citizenry to keep abreast regarding duly appropriated expenditures," D.C. Circuit Stay Order 24, and preserves Congress's power of the purse, *see, e.g.*, Government Accountability Office, B-337581, at 1-2 (June 17, 2025) (noting that prohibiting "timely access to the apportionment information" frustrates Congress's constitutional appropriations authority). "Congress should [not] be made to wait while the Executive intrudes on its plenary power over appropriations and disclosure thereof." D.C. Circuit Stay Order 24.

    Allowing proceedings to continue would not present any legal problems for Department of Justice attorneys. Under the Anti-Deficiency Act, DOJ attorneys may continue working if

3

"authorized by law." 31 U.S.C. § 1341(a)(1)(B). DOJ has concluded in its official plan for a lapse in appropriations that DOJ attorneys are "authorized by law" to continue litigation work if a court orders that proceedings continue. DOJ explains that such a court order "constitue[s] express legal authorization for the activity to continue," and "the Government will comply with" such orders. *U.S. Department of Justice FY 2026 Contingency Plan* 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. On this basis, the District Court for the District of Rhode Island recently denied the government's motion to stay summary judgment briefing deadlines. *See Rhode Island v. Trump*, No. 25-cv-0128 (D.R.I.), Oct. 2, 2025 Text Order (quoting *Department of Justice FY 2026 Contingency Plan* 3). The court there further emphasized that it "is required to continue its constitutional functions." *Id.* For its part, the D.C. Circuit consistently denies government requests for a stay due to a lapse in appropriations. *See, e.g.*, *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring); *id.* at 638 (noting that, during a government lapse in appropriations in 2013, the D.C. Circuit "received Government motions to stay oral argument in at least sixteen cases," but "[e]very one of these motions was denied[,] and every time, the Government then participated in oral argument").

       The identity of Defendants here and the subject matter of this litigation give all the more reason not to stay proceedings on the motion to enforce. The government is currently shut down due in large part to a dispute over the Executive Branch's failure to faithfully implement appropriations as Congress intended.[2] Understanding whether and how Defendants have used spend plans incorporated into apportionment footnotes to obstruct agencies from using

---

[2] For instance, the proposed continuing resolution put forward by Senate Democrats contains various anti-impoundment measures, including one to extend the period to obligate funds for which OMB had restricted use of the funds via an apportionment footnote. S. 2882, 119th Cong. § 188(2) (2025).

appropriations as Congress intended is of critical interest to Protect Democracy's public education efforts surrounding the shutdown, and to the public at large. Moreover, Defendants in this action—the Office of Management and Budget and its Director Russell Vought—are central players in the current standoff, and they should not be able to delay inquiry into their compliance with a court order based on a shutdown that they have helped precipitate.[3]

## CONCLUSION

For these reasons, Protect Democracy respectfully requests that the Court clarify that the stay does not apply to the motion to enforce in this matter or, if it does apply, to lift the stay and order Defendants to file a response to Protect Democracy's motion to enforce by this Friday, October 10, at 5 p.m.

Dated: October 6, 2025

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)
Kyla M. Snow
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiff Protect Democracy*

---

[3] *See, e.g.*, Mattingly & Jonathan, *Trump's shutdown architect: Russ Vought's plan to deconstruct the government was years in the making*, Oct. 2, 2025, CNN, https://www.cnn.com/2025/10/02/politics/russ-vought-shutdown-architect; Sarah D. Wire, *OMB Director Russ Vought expected to play an outsized role in government shutdown*, Oct. 3, 2025, USA Today, https://www.usatoday.com/story/news/politics/2025/10/03/who-is-russ-vought-role-government-shutdown/86444540007/.