UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT & BUDGET, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01111 |

**PLAINTIFF PROTECT DEMOCRACY'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE DISTRICT COURT'S OCTOBER 1 STANDING ORDER**

Defendants suggest that there is only one exception that permits them and their counsel to work during a lapse in appropriations—for imminent threats to safety to human life or the protection of property. That is incorrect. Both the Department of Justice and OMB recognize in their official guidance that there are five categories of exceptions—not one—that permit federal employees to work during a lapse in appropriations. DOJ has further stated that one of these exceptions, for work authorized by law, applies where a court orders that a case continue during a lapse. In this lapse and prior ones, many courts have ordered that civil cases proceed on this basis, and other than their incorrect statement of law, Defendants present no arguments for why this Court should not proceed as well. It should.

**ARGUMENT**

Defendants assert in their response that, with respect to when Executive Branch employees during a lapse in appropriations, "[e]xceptions are limited to emergencies involving the safety of human life or the protection of property." Opp. 1, ECF No. 44 (quotations omitted).

1

Defendants thus claim that, "[b]ecause Plaintiff's Motion to Enforce . . . does not present any imminent threat to the safety of human life or the protection of property, employees of the Department of Justice and the Office of Management and Budget are not authorized to work on this matter during the pendency of the lapse in appropriations." *Id.* It is simply not true that protecting life or property is the sole exception that permits work during a lapse. DOJ and OMB themselves say so.

In DOJ's official Contingency Plan for a lapse in appropriations, and in OMB's official Frequently Asked Questions During a Lapse in Appropriations, the agencies explain that there are *five* categories of work that federal employees may perform during a lapse. *See U.S. Department of Justice FY 2026 Contingency Plan ("DOJ Contingency Plan")* at 1 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl; OMB, *Frequently Asked Questions During a Lapse in Appropriations* at 1–4 (Oct. 3, 2025), https://www.whitehouse.gov/wp-content/uploads/2025/09/Frequently-Asked-Questions-During-a-Lapse-in-Appropriations.pdf. Specifically, federal employees may perform the following categories of activities:

1. Those funded by a source that has not lapsed, such as permanent indefinite appropriations and carryover of no-year funds appropriated in a prior year;

2. Those for which there is an express authority to continue during an appropriations lapse;

3. Those for which authority to continue during an appropriations lapse arises by necessary implication;

4. Those related to the discharge of the President's constitutional duties and powers; and

5. Those related to "emergencies involving the safety of human life or the protection of property," *i.e.*, where there is a reasonable likelihood that the safety of human life or the

protection of property would be compromised, in some significant degree, by delay in the performance of the function in question.

DOJ Contingency Plan at 1.

The DOJ Contingency Plan explains that the second exception—for activities expressly authorized to continue—applies where a court orders that a civil case proceed during a shutdown. In DOJ's words, if a court "orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id.* at 3. The Chief Judge's Standing Order appears to rely on this principle. Under the Standing Order, proceedings on motions for preliminary injunctions and temporary restraining orders are exempt from the stay, irrespective of whether those motions involve imminent threats to life or property. *In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations*, Standing Order No. 25-55 (Oct. 1, 2025) (Boasberg, C.J.). Those categorical exceptions would not be permissible if, as Defendants claim, the only permissible exceptions are for threats to life and property.

In short, if this Court orders DOJ and Defendants to continue litigating the motion to enforce, DOJ and Defendants will have express legal authorization to continue to work on this matter, and the lapse in appropriations will present no obstacle. *See Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, C.J., and Edwards, J., concurring in the denial of stay motion) (concluding the same).

In the last week alone, numerous courts have denied stays and order proceedings to continue notwithstanding the shutdown, including in cases where there is no imminent threat to life or property. *See, e.g.*, *United States v. Google LLC*, No. 1:20-cv-3010, Oct. 2, 2025 Minute Order (D.D.C.); *Rhode Island Coal. Against Domestic Violence v. Kennedy*, No. 1:25-cv-0342,

Oct. 1, 2025 Text Order (D.R.I.); *Camp Lejeune Water Litigation v. United States*, No. 7:23-cv-0897, 2025 WL 2827029, ECF No. 644 (E.D.N.C. Oct. 6, 2025); *United States v. Live Nation Entertainment, Inc.*, No. 1:24-cv-03973, ECF No. 652 (S.D.N.Y. Oct. 1, 2025); *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-3698, ECF No. 276 (N.D. Ca. Oct. 3, 2025); *Planned Parenthood Fed'n of Am., Inc. v. Kennedy*, Nos. 25-1698, 25-1755, Doc. 00118347754 (1st Cir. Oct. 2, 2025); *Nat'l TPS Alliance v. Noem*, No. 25-5724, Doc. 29.1 (9th Cir. Oct. 2, 2025).

This Court should order the same here. Indeed, Defendants do not dispute in their response any of the equitable considerations that Protect Democracy raised in its motion, including that the spend plans at issue are highly relevant to the public's evaluation of the funding impasse, that OMB and Director Vought helped precipitate this lapse, and that Protect Democracy is suffering irreparable harm. Defendants' sole argument for a stay is their clearly incorrect legal position that the only permissible exception for them to work is to protect against threats to life or property. In these circumstances, Defendants have made no showing that a stay is necessary or appropriate.

## CONCLUSION

For these reasons and those stated in Protect Democracy's motion, Protect Democracy respectfully requests that the Court provide relief from the Standing Order.

Dated: October 8, 2025                    Respectfully submitted,

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)
Kyla M. Snow
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiff Protect Democracy*