**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>        Defendants. | Civil Action No. 25-1051 (EGS) |
| PROTECT DEMOCRACY PROJECT,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>        Defendants. | Civil Action No. 25-1111 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Motions to Enforce the Court's July 21, 2025 Order filed by Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Protect Democracy Project ("Protect Democracy"). *See* CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051; Protect Democracy Mot. to Enforce, ECF No. 41 in Civil Action No. 25-1111. Defendants Office of Management and Budget ("OMB") and

1

Director Russell Vought ("Director Vought") (collectively, "Defendants") filed a consolidated Opposition[1] to the motions, *see* CREW Opp'n, ECF No. 44 in Civil Action No. 25-1051, Protect Democracy Opp'n, ECF No. 47 in Civil Action No. 25-1111; and Plaintiffs each filed a Reply, *see* CREW Reply, ECF No. 45 in Civil Action No. 25-1051, Protect Democracy Reply, ECF No. 47 in Civil Action No. 25-1111. For the reasons explained below, the Court **GRANTS** each motion.

I. Background

On July 21, 2025, the Court granted summary judgment to CREW and Protect Democracy on their claims that the Defendants' removal of the Public Apportionments Database ("database") violated the 2022 and 2023 Consolidated Appropriations Acts, and to CREW on its claim that the removal violated certain provisions of the Paperwork Reduction Act. *See Citizens for Responsibility and Ethics in Washington v. Office of Management and Budget*, 791 F. Supp. 3d 29 (D.D.C. 2025).

The 2022 Act required OMB to

> implement[ ] [ ] an automated system to post each document apportioning an appropriation ... including any associated footnotes, in a format that qualifies each such document as an Open Government Data Asset (as defined in section 3502 of title 44, United States Code),

---

[1] Because Defendants filed a consolidated Opposition, the Court will cite only to the Opposition filed in Civil Action No. 25-1051, ECF No. 44.

> not later than 2 business days after the date of approval of such apportionment[.]

Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 257 (March 15, 2022) (codified at 31 U.S.C. § 1513 note).

The 2023 Act provides:

> In fiscal year 2023 and each fiscal year thereafter ... [OMB] shall operate and maintain the automated system required to be implemented by [the 2022 Act] ... and shall continue to post each document apportioning an appropriation, pursuant to section 1513(b) of title 31, United States Code, including any associated footnotes[.]

Pub. L. No. 117-328, div. E, tit. II, § 204(1), 136 Stat. 4459, 4667 (Dec. 29, 2022) (codified at 31 U.S.C. § 1513 note).

The Court issued a separate Order in each case since the claims were not identical, but the following language in each Order was identical. Specifically, the Court

> **ORDERED** that Defendants shall restore the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts, including the apportionment information from the time the database was taken offline on or about March 24, 2025, through the time the database is restored; and . . . further
>
> **ORDERED** that Defendants are **PERMANENTLY ENJOINED** from removing the Public Apportionments Database or otherwise ceasing to post apportionment information on a publicly available website in the time and manner required by the 2022 and 2023 Acts without statutory authorization . . .

3

Order, ECF No. 32 in Civil Action No. 25-1051 at 2[2]; Order, ECF No. 33 in Civil Action No. 25-1111 at 2.

Defendants restored the database on August 15, 2025. *See* CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051 at 4; Protect Democracy Mot. to Enforce, ECF No. 41 in Civil Action No. 25-1111 at 6. Plaintiffs filed their respective Motions to Enforce, however, because they claim that in certain legally-binding footnotes to the apportionment, OMB conditions the agency's use of apportioned funds on the contents on the latest "spend plan" that OMB must approve, but OMB has refused to publicly disclose the spend plans. *See* Protect Democracy Mot. to Enforce, ECF No. 41 in Civil Action No. 25-1111 at 2; CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051 at 4.

"Spend plans are issued by agencies to provide information about the allocation of agency resources." *See* Suppl. Kelly Kinneen Decl. ("Kinneen Decl."), ECF No. 44-1 ¶ 9; *see also* Protect Democracy Mot. to Enforce, ECF No. 41-1 in Civil Action No. 25-1111 at 4 (explaining that a spend plan is a plan setting forth how the agency intends to use its appropriated funds). "OMB may from time-to-time request that an agency provide a spend plan, which "is generally at a more granular level than an

---

[2] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

apportionment and thereby provides greater insight into how an agency intends to utilize its apportioned funds." Kinneen Decl., ECF No. 44-1 ¶ 9. Spend plans provide information about "how the agency intends to spend their appropriated funds, including how much funding the agency needs to dedicate to particular programs and activities, furthering OMB's financial management and oversight responsibilities." *Id*. "Since OMB established the Public Apportionments Database in 2022, OMB has approved many apportionments that, in legally binding footnotes, provided that funds would become available for obligation upon OMB's receipt of a spend plan from the agency." Suppl. Christina Wentworth Decl. ("Wentworth Decl."), ECF No. 39-1 in Civil Action No. 25-1051 ¶ 9.

The footnote references to spend plans at issue in the pending motions contain language such as that set forth below, stating that the agency's ability to obligate apportioned funds is conditioned on OMB's approval of a forthcoming spend plan, subject to certain exceptions:

> Amounts apportioned, but not yet obligated as of the date of this reapportionment, are available for obligation consistent with the latest agreed-upon spending plan for Fiscal Year 2025 between the Department of Health and Human Services (HHS) and the Office of Management and Budget (OMB). Such spending plan submitted by HHS shall include: the anticipated obligations of such amounts by spending category (e.g., salaries and expenses, training and technical assistance,

5

> basic block grant, etc.); detailed information on currently anticipated grants utilizing such obligated amounts, including projected amounts for each disbursement; and a detailed description of how such spending plan aligns with Administration priorities. Any revisions or additions to such spending plan shall be proposed to OMB in writing no later than five business days before the anticipated obligation of funds based on such revisions or additions. If OMB agrees to such revision or addition, the latest agreed-upon spend plan shall include that modification. In the absence of an agreed-upon spend plan between HHS and OMB, HHS may obligate funds on this line only as necessary for Federal salary and payroll expenses or making payments otherwise required by law. [Rationale: An agency spend plan or other documentation is necessary to better understand how the agency intends to obligate some or all of the apportioned funds.]

https://openomb.org/file/11424629.

In particular, CREW states that "at least 131 of the 2,245 apportionment documents in the database that OMB approved between March 24, 2025, and September 5, 2025, include a legally binding footnote that incorporates by reference the contents of an undisclosed spend plan." Wentworth Decl., ECF No. 39-1 ¶ 6.

## II. Standard of Review

"In deciding a motion to enforce judgment, a district court has 'the authority to enforce the terms of [its] mandate[ ].'" *WildEarth Guardians v. Bernhardt*, No. CV 16-1724 (RC), 2019 WL 3253685, at *3 (D.D.C. July 19, 2019) (quoting *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014)). "A court asked

to enforce a prior order should grant the motion when a 'prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it[ ].'" *Id.* (quoting *Heartland Hosp. v. Thompson,* 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). "The key question for this Court, then, is whether Plaintiffs have 'received all relief required' by the Court's earlier order." *Id.* (quoting *Heartland Hosp.*, 328 F. Supp. 2d at 11).

### III. Analysis

#### A. Defendants Must Disclose Agency "Spend Plans" Where OMB Has Incorporated-By-Reference in a Legally-Binding Footnote the Terms of the Spend Plan as a Document Apportioning an Appropriation

Plaintiffs argue that where the contents of an agency's spend plan has been incorporated by reference in legally binding footnotes as a result of OMB's directive that funds are only available for obligation consistent with the latest agreed-upon spend plan, the spend plan must be disclosed under the 2022 and 2023 Acts because the spend plan is a "document apportioning an appropriation." Protect Democracy Mot. to Enforce, ECF No. 41 at 7 (noting that "OMB has made the agency's obligation of funds contingent upon the *contents* of the spend plan, and upon OMB's *approval* of the contents of the spend plan.") *see also* CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051 at 7 (noting that "the apportionments at issue in this motion do not merely

require agencies to submit spend plans to OMB; they provide that funds are available for obligation in accordance with the contents of the spend plans"). Defendants do not dispute that the footnotes at issue here that reference spend plans are legally binding. *See* Kinneen Decl., ECF No. 44-1 ¶ 6.

When a "secondary document" is incorporated by reference, it becomes "part of [the] primary document." Black's Law Dictionary, Incorporation by Reference (12th ed. 2024) Moreover, "[w]here a writing refers to another document, that other document . . . becomes constructively a part of the writing, and in that respect the two form a single instrument." 11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed. 2008). Put otherwise, "[t]he incorporated matter is to be interpreted as part of the writing." *Id.* Defendants fail to respond to Plaintiffs' incorporation-by-reference argument, *see generally* Opp'n, ECF No. 44.

The Court agrees with Plaintiffs that when OMB conditions the ability of an agency to obligate funds upon OMB's agreement with the contents of a spend plan in a legally-binding footnote, OMB has incorporated-by-reference the terms of the spend plan into the apportionment and therefore the spend plan is a "document apportioning an appropriation" that must be disclosed under the 2022 and 2023 Acts.

8

Defendants argue that spend plans "are not documents apportioning an appropriation"; rather, a footnote's reference to the spend plan "merely memorializes that the spending plan informed the manner in which the appropriation is apportioned." *Id.* at 3. However, the spend plans at issue here do not "merely memorialize[] that the spending plan informed the manner in which the appropriation is apportioned." Rather, these spend plans contain the terms of OMB's decisions about how to apportion the appropriated funds. And OMB does not refute that when it incorporates by reference the terms of spend plans in legally binding apportionment footnotes, it has made the terms of the spend plans legally binding. Indeed, OMB acknowledges that "[a]ttachments, such as spend plans, are … legally binding and subject to the Anti-deficiency Act [ADA] 'if they are specifically referenced in a footnote in the OMB Action column of the Application of Budgetary Resources section of the apportionment.'" Opp'n, ECF No. 44 at 3 (quoting OMB Circular A-11 § 120.36).

Defendants claim that there is no difference between OMB allowing an agency to obligate funds within a certain number of days after submission of a spend plan versus conditioning an agency's ability to obligate funds upon OMB's approval of a spend plan because in either case "OMB receives the information it needs to inform its apportionment." Opp'n, ECF No. 44 at 4.

9

Defendants' claim is incorrect. As explained above, when OMB incorporates by reference the terms of the spend plan, the agency must obligate consistently with the spend plan pursuant to the ADA.

Defendants point to historical practice, arguing that the prior Administration did not include spend plans as part of the disclosure required under the 2022 and 2023 Acts. *See id*. at 5. The Court is unpersuaded by this argument because Defendants fail to distinguish between OMB allowing an agency to obligate funds within a certain number of days after submission of a spend plan versus conditioning an agency's ability to obligate funds upon OMB's approval of a spend plan. *See generally id*. Furthermore, CREW has demonstrated that prior to March 2025, OMB rarely incorporated the terms of spend plans by reference in legally binding apportionment documents. *See* Wentworth Decl., ECF No. 39-1 ¶ 10 (noting that "of the 22,361 apportionments approved between August 15, 2021, and March 21, 2025, I identified less than a quarter of one percent of apportionments that appeared to incorporate by reference the contents of a spend plan"). Defendants have not refuted this factual assertion. *See generally* Opp'n, ECF No. 44.

Finally, Defendants assert that spend plans contain sensitive and predecisional information not intended for public dissemination. *See id*. at 5, 6. However, Defendants do not claim

that the spend plans are predecisional and deliberative, nor do they make any formal assertion of privilege. In any event, the Court has already rejected the argument that apportionment information cannot be disclosed because it is deliberative, predecisional information. See *CREW*, 791 F. Supp. 3d at 54 (holding that "[t]he information on the Public Apportionments Database is neither predecisional nor deliberative because apportionments, including footnotes, are final "OMB-approved plan[s]" that are "legally binding.") (citations omitted).

For all these reasons, when in a legally binding footnote OMB conditions the ability of an agency to obligate funds upon OMB's agreement with the contents of a spend plan, OMB has incorporated-by-reference the spend plan into the apportionment and therefore the spend plan is a "document apportioning an appropriation" that must be disclosed under the 2022 and 2023 Acts.

### B. Plaintiffs Have Not Sought to Improperly Expand the Scope of the Court's Order

As explained above, where OMB has incorporated-by-reference the spend plans, the spend plans are subject to the 2022 and 2023 Acts. The Court therefore rejects Defendants' argument that Plaintiffs seek to improperly expand the scope of the Court's Order. Rather, since Defendants have chosen to incorporate spend plans by reference but have not provided the spend plans,

11

Plaintiffs have not "received all relief required by the Court's earlier order." *WildEarth Guardians*, 2019 WL 3253685, at *3.

### C. Plaintiffs Have Not Waived Any Arguments With Respect to the Spend Plans

Defendants argue that Plaintiffs have waived any argument regarding the spend plans because "they have at all times been on notice of OMB's use of spend plans to inform agency apportionment decisions and OMB's practice of not publishing spend plans, a practice preexisting this administration." Opp'n, ECF No. 44 at 6. The Court concludes that Plaintiffs have not waived any arguments with respect to the spend plans.

First, CREW has demonstrated, and Defendants have not refuted, that prior to March 2025, OMB rarely incorporated the terms of spend plans by reference in legally binding apportionment documents. *See* Wentworth Decl., ECF No. 39-1 ¶ 10 (noting that "of the 22,361 apportionments approved between August 15, 2021, and March 21, 2025, I identified less than a quarter of one percent of apportionments that appeared to incorporate by reference the contents of a spend plan"). Second, because Defendants illegally removed the database, Plaintiffs could not have known that OMB is now with significantly greater frequency incorporating spend plans by reference into apportionment documents. Specifically, CREW has demonstrated that between March 24, 2025, and September 5, 2025, 5.8% of the

12

apportionment documents incorporated by reference an undisclosed spend plan. *Id*. ¶ 6. Plaintiffs have not waived this argument because until the illegally removed database was restored, Plaintiffs could not have known that documents "required to be disclosed by the 2022 and 2023 Acts" were missing.

## IV. Conclusion and Order

As explained above, OMB has incorporated-by-reference the terms of certain spend plans in legally binding footnotes. Since the terms of such spend plans contain legally binding limits on the agencies' ability to obligate funds, the spend plans are "documents apportioning an appropriation," 31 U.S.C. § 1513 note; and must be made publicly available under the 2022 and 2023 Acts and this Court's July 21, 2025, Order. Because the spend plans have not been made publicly available, Plaintiffs have not "received all relief required by the Court's earlier order." *WildEarth Guardians,* 2019 WL 3253685, at *3 (cleaned up). Accordingly, it is hereby

**ORDERED** that CREW's Motion to Enforce, ECF No. 39 in Civil Action No. 25-1051; and Protect Democracy's Motion to Enforce, ECF No. 41 in Civil Action No. 25-1111 are **GRANTED**; and it is further

**ORDERED** that Defendants Office of Management and Budget and Director Russell Vought **SHALL COMPLY** with this Court's July 21, 2025, Order by posting in the Public Apportionments Database,

13

for all apportionments approved since March 24, 2025, and for all future apportionments, spend plans whose terms are incorporated by reference in legally binding apportionment documents, including revised and new spend plans whose terms are incorporated by reference in legally binding apportionment documents.

    **SO ORDERED.**

**Signed:**     **Emmet G. Sullivan**
                 **United States District Judge**
                 **January 28, 2026**